## MARGARET RENAULT v. NEW YORK LIFE INSURANCE COMPANY.

Decided March 24, 1924.

**Contracts—Life Insurance Policy—Alleged Error in Overruling Evidence and in Excluding Policy When Offered by Defendant—Rule Discharged.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Bourgeois & Coulomb.*

*Contra, Clarence L. Cole.*

PER CURIAM.

This action was brought to recover the amount claimed to be due on a policy issued by the defendant company upon the life of one Alexander Renault, his widow, the present plaintiff, being named therein as beneficiary. The trial resulted in a verdict for the plaintiff, and a rule to show cause was thereupon allowed to the defendant.

The first ground upon which we are asked to make the rule absolute is that the court improperly overruled certain questions asked of one Dr. Darnell, a witness called by the defendant. It had been made to appear from the testimony of this witness that the insured and his wife called at his (the witness's) office between the date of the application for the policy and the date of the issuing of that instrument. The questions overruled all related to what occurred on the occasion of this visit by the insured and his wife, but the purpose for which the intended testimony was offered was not disclosed to the trial court. There was no suggestion that on the occasion of the visit the insured had consulted the

doctor professionally, or had made any statement to him which were contradictory of any of the declarations contained in the application for insurance; and, in the absence of anything to show the materiality of the testimony, it was properly excluded. Moreover, there were no objections made to the rulings of the trial court; and, when no objections are taken thereto this court will not, as a usual thing, consider the propriety of the rulings. That we have the power to do so, of course, must be conceded, under our decided cases; but that power will not be exercised unless it is made very clear that the exclusion of the testimony produced legal injury to the prosecutor of the rule.

The next contention is that the court erroneously excluded the policy of insurance when offered by the defendant. The action of the trial court was based upon the failure of the defendant to properly prove the instrument, and it is conceded on behalf of the defendant that ordinarily this ruling would have been proper; but it is argued that, because the plaintiff had previously offered in evidence a photographic copy of the policy the instrument was thereby made competent as evidence. Assuming the soundness of this rather novel proposition, we do not find in it any reason for setting aside the present verdict, for the photographic copy of the policy having been submitted to the jury no harm could have come to the defendant by the exclusion of the original.

Another ground upon which we are asked to make the rule absolute is that the court erroneously excluded certain questions put by defendant's counsel to its assistant medical director. The questions were all of them directed at provisions in the policy, and the purpose of the questions was to obtain from the witness his opinion of the reasons why these provisions had been inserted therein. The mere statement of the situation, we think, demonstrates the incompetency of the offered testimony. The exclusion of the questions was perfectly proper.

Lastly, it is argued that the verdict in this case is against the weight of the evidence and is contrary to the charge of the court. Our examination of the record satisfies us that

the jury was entirely justified in its findings of fact and that in their findings they did not disregard any of the instructions delivered to them by the trial judge.

The rule to show cause will be discharged.